1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6

7    ROBERT SEGURA,                          Case No. 15-cv-00854-JD
                    Plaintiff,
8
                                             **ORDER OF DISMISSAL WITH LEAVE**
9           v.                               **TO AMEND**

10   MOLLY O'NEAL,                           Re: Dkt. Nos. 3, 4
                    Defendant.
11

12

13          Robert Segura, a civil detainee, has filed a civil rights action under 42 U.S.C. § 1983. He

14   is civilly committed pursuant to California's Sexually Violent Predators Act (SVPA). *See* Cal.

15   Welf. & Inst. Code 6600, et seq. He is committed in Coalinga which is located in the Eastern

16   District of California. The underlying commitment proceeding originated in Santa Clara County,

17   which is in this district. He has been granted leave to proceed in forma pauperis.

18                                        **DISCUSSION**

19   **I.      STANDARD OF REVIEW**

20          Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

22   § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims

23   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

24   monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se

25   pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

26   Cir. 1990).

27          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

28   claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.    LEGAL CLAIMS

Segura alleges that his civil commitment was the result of a faulty mental health assessment and he seeks protection from future faulty assessments and states his appointed counsel was ineffective for not adequately challenging the assessment.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id*.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought

United States District Court
Northern District of California

1    under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82).  As a

2    consequence, challenges to prison conditions traditionally have been cognizable only via § 1983,

3    while challenges implicating the fact or duration of confinement must be brought through a habeas

4    petition.  *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

5           Although plaintiff is a civilly committed patient, rather than a criminally convicted

6    prisoner, the habeas versus § 1983 proper remedy distinction applies.  *Cf. Hubbart v. Knapp*, 379

7    F.3d 773, 779-81 (9th Cir. 2004) (upholding constitutionality of SVPA against habeas challenge

8    under 28 U.S.C. § 2254) with *Hydrick v. Hunter*, 669 F.3d 937, 941-42 (9th Cir. 2012) (accepting

9    defendants' qualified immunity defense to civil committees' § 1983 challenge to their conditions

10   of confinement).

11          Segura states that he was subject to a faulty mental health assessment that was used as

12   evidence to determine that he should be subject to civil commitment.  He alleges that the

13   California Department of State Hospitals conducted the assessment.  The sole defendant in this

14   case is the supervising deputy of the Santa Clara County Public Defender's Office, who Segura

15   alleges supervised the assigned deputy public defender.  He states that defendant should have been

16   aware that the assigned public defender was providing ineffective assistance of counsel which

17   resulted in Segura receiving the faulty mental health assessment.  He alleges that the faulty health

18   assessments prevent outpatient treatment in violation of his Constitutional rights.  For relief, he

19   seeks protection from future faulty mental health assessments.

20          To the extent that Segura seeks to challenge his underlying commitment or seek relief that

21   would entitle him to immediate or earlier release from his civil commitment, he must file a

22   petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial

23   remedies.  *See Skinner*, 131 S. Ct. at 1293; *see also Nelson v. Sandritter*, 351 F.2d 284, 285 (9th

24   Cir. 1965) (constitutionality of state civil commitment proceedings may be challenged in federal

25   habeas corpus after state judicial remedies have been exhausted).

26          To the extent that Segura seeks relief regarding his treatment, his § 1983 action must be

27   brought in the Eastern District of California, where plaintiff is civilly committed at Coalinga State

28   Hospital.  *See* 28 U.S.C. §§ 84(b), 1391(b).  The Court notes that Segura filed a previous case,

United States District Court
Northern District of California

3

1  *Segura v. Allenby*, No C-14-5216 DMR (PR), that also challenged the validity of the health

2  assessments and named as defendants officials at the California Department of State Hospitals and

3  Coalinga State Hospital.  That case was transferred to the Eastern District of California.  To the

4  extent Segura seeks to again challenge the health assessments, this case is dismissed as

5  duplicative.

6         To the extent Segura seeks injunctive relief against Defendant Molly O'Neal due to the

7  actions of a subordinate, his complaint is dismissed with leave to amend.  Segura presents general

8  allegations that defendant should have known that the health assessments were faulty and

9  irrational, but provides no specific details of the actions of defendant.  Segura should also clarify

10  the relief that he seeks.  He seeks relief from future assessments but does not discuss the

11  circumstances that would lead to another assessment.  It is not clear if he has already been

12  committed, is still awaiting the final commitment hearing, or if he has been committed

13  indefinitely.  He must also address why the relief he seeks is not more properly brought in a

14  habeas action if it concerns ineffective assistance of counsel.

### CONCLUSION

16      1.      The motions for leave to proceed in forma pauperis (Docket Nos. 3, 4) are

17  **GRANTED**.

18      2.      The complaint is **DISMISSED** with leave to amend.  The amended complaint must

19  be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption

20  and civil case number used in this order and the words AMENDED COMPLAINT on the first

21  page.  Because an amended complaint completely replaces the original complaint, plaintiff must

22  include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

23  Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to

24  amend within the designated time will result in the dismissal of all defendants except Cavagnolo

25  and this case will only proceed against him.

26      3.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

27  Court informed of any change of address by filing a separate paper with the clerk headed "Notice

28  of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

United States District Court
Northern District of California

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 29, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

1

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3

4

ROBERT SEGURA,

Case No.  15-cv-00854-JD

Plaintiff,

5

v.

**CERTIFICATE OF SERVICE**

6

7

MOLLY O'NEAL,

Defendant.

8

9

10

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

District Court, Northern District of California.

11

12

13

That on July 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing

said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

14

depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

15

receptacle located in the Clerk's office.

16

17

Robert  Segura ID: Patient No.  365-7
P.O. Box 5003
Coalinga, CA 93210-5003

18

19

20

Dated: July 29, 2015

21

22

Richard W. Wieking
Clerk, United States District Court

23

24

25

By:

26

LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

27

28

6